#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

BOILERMAKER-BLACKSMITH )
NATIONAL PENSION FUND, et al., )
                                                          )
                      Plaintiffs, )
v. )
                                                         ) Case No.   15-CV-9080-JWL-TJJ
                                                         )
BECKER BOILER CO. INC., )
                                                         )
                      Defendant. )

#### **ANSWER**

Defendant Becker Boiler Co., Inc. ("Defendant" or "Becker Boiler"") by its attorneys, hereby answers Plaintiffs' Second Amended Complaint by Plaintiff Boilermaker-Blacksmith National Pension Fund, et al ("Plaintiff" or "Boilermakers") as follows:

1.     Paragraph 1 of Plaintiffs' Second Amended Complaint does not assert a fact for which a response is necessary.  To the extent venue is proper in this district, Defendant has no objection to a trial in Kansas City, Kansas.

2.     Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 2 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

3.     Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 3 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

4. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 4 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

5. Defendant admits the allegations set forth in paragraph 5 of Plaintiffs' Second Amended Complaint.

6. Defendant admits the allegation set forth in Paragraph 6 of Plaintiffs' Second Amended Complaint.

7. Defendant denies the allegations set forth in Paragraph 7 of Plaintiffs' Second Amended Complaint.

## COUNT I

8. Defendant incorporates by reference its responses to paragraphs 1 through 7 of Plaintiffs' Second Amended Complaint as though fully set forth herein.

9. Defendant admits the allegations set forth in paragraph 9 of Plaintiffs' Second Amended Complaint.

10. Defendant admits that the collective bargaining agreement states that the Boilermakers-Blacksmith National Pension Trust or Trust Agreement "is a part of this Agreement as though affixed hereto".  Defendant denies the remaining allegations set forth in paragraph 10 of Plaintiffs' Second Amended Complaint.

11. Defendant admits the allegations set forth in paragraph 11 of Plaintiffs' Second Amended Complaint.

12. Defendant admits that it is to submit fringe benefit contributions to the Fund, which it affirmatively states it has done.  Defendant denies the remaining allegations set forth in paragraph 12 of Plaintiffs' Second Amended Complaint.

13. Defendant denies the allegations set forth in paragraph 13 of Plaintiffs' Second Amended Complaint.

14. Defendant denies the allegations set forth in paragraph 14 of Plaintiffs' Second Amended Complaint and affirmatively states that all contributions have been timely paid.

15. Defendant denies the allegations set forth in paragraph 15 of Plaintiffs' Second Amended Complaint and affirmatively states that all contributions have been timely paid.

16. Defendant denies the allegations set forth in paragraph 16 of Plaintiffs' Second Amended Complaint and affirmatively states that all contributions have been timely paid.

17. Defendant denies the allegations set forth in paragraph 17 of Plaintiffs' Second Amended Complaint and affirmatively states that all contributions have been timely paid.

18. Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations set forth in paragraph 18 of Plaintiffs' Second Amended Complaint and therefore denies those allegations.

19. Defendant denies the allegations set forth in paragraph 19 of Plaintiffs' Second Amended Complaint.

20. Defendant denies the allegations set forth in paragraph 20 of Plaintiffs' Second Amended Complaint.

21. Defendant denies the allegations set forth in paragraph 21 of Plaintiffs' Second Amended Complaint.

22. Defendant denies the allegations set forth in paragraph 19 of Plaintiffs' Second Amended Complaint.

23. Defendant denies the allegations set forth in paragraph 23 of Plaintiffs' Second Amended Complaint.

24. Defendant denies the allegations set forth in paragraph 24 of Plaintiffs' Second Amended Complaint.

## COUNT II

25. Defendant incorporates by reference its responses to paragraphs 1 through 24 of Plaintiffs' Second Amended Complaint as though fully set forth herein.

26. Defendant admits that it is to submit fringe benefit contributions to the Fund, which it affirmatively states it has done.  Defendant denies the remaining allegations set forth in paragraph 26 of Plaintiffs' Second Amended Complaint, including allegations related to the timing and delinquent payment of such funds.

27. Defendant denies the allegations set forth in paragraph 27 of Plaintiffs' Second Amended Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of Plaintiffs' Second Amended Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Given the nature of the dispute, venue is more appropriate in the Eastern District of Wisconsin, with the case subject to transfer for a change of venue or forum non conveins.

3. Plaintiffs failed to mitigate their damages.

4. Plaintiffs' claims are barred by the doctrines of waiver, laches and estoppel.

5. Defendant did not agree to the payment deadlines as set forth in the Fund documents and therefore any such deadlines are unenforceable.

6. Plaintiffs have no damages and has otherwise been made whole.

7. Plaintiffs' claims are barred by the doctrine of unclean hands.

8. Plaintiffs' complaint against the defendant is frivolous.

9. Plaintiffs' own actions demonstrate its interpretation of contract provisions and/or the contractual relationship such that Defendant cannot be in breach and/or excused performance by Defendant. By raising this defense, Defendant expressly does not assume any burden of proof that applicable substantive law may place on Plaintiff.

10. Plaintiffs failed to substantially perform per any contractual agreement with Defendant.

11. Defendant has not agreed and there is no contractual right for Plaintiffs' recovery of attorneys' fees or interest.

12. Defendant cannot be said to have appreciated the benefit conferred based upon the actions of the parties, the ongoing relationship and/or the nature of the transaction. By raising this defense, Defendant expressly does not assume any burden of proof that applicable substantive law may place on Plaintiff.

13. Plaintiffs' damages, if any, were caused in whole or in part as a direct result of its own actions and conduct.

14. An injunction is not appropriate as the case stands as a matter of law, not equity, and there is no irreparable harm and/or plaintiff fails to meet the proof necessary for an injunction.

15. For the purposes of preservation only, those affirmative defenses set forth in Fed. R. Civ. Pro. 8(c) and 12(b) are incorporated herein by reference as if set forth fully herein.

16. Defendant reserves the right to plead additional affirmative defenses as discovery continues and justice so requires.

WHEREFORE, having fully answered Plaintiffs' Second Amended Complaint, Defendant prays that Plaintiffs' claims be dismissed with prejudice and that Plaintiff be ordered to pay Defendant's attorney's fees, costs and expenses incurred herein and for such other and further relief the Court deems just, proper and equitable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury in the above-captioned case.

HAMILTON LAW FIRM LLC

By: /s/ Patrick A. Hamilton
Patrick A. Hamilton, KS Bar No. 16154
13420 Santa Fe Trail Drive
Lenexa, KS  66215-3655
PHONE: (913) 888-7100
FAX: (913) 888-7388
patrick@hamilton-lawfirm.com

Jacques C. Condon (WI SBN 1033963)
*Pro Hac Vice*
Condon Law Firm, LLC
118 N. Green Bay Road, Suite 4
Thiensville, WI  53092
O: 262-238-0300
F: 262-478-1318
jacques@condon-law.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF MAILING

       I hereby certify that the above and foregoing was filed with the Court's ECF system which sent electronic notification of the same this 14th day of September, 2015, to the following:

Charles R. Schwartz
Blake & Uhlig, P.A.
753 State Ave., Ste. 475
Kansas City, KS 66101
ATTORNEY FOR PLAINTIFFS


                                          By: /s/ Patrick A. Hamilton
                                                Attorney for Defendant